UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| YUSAF WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:02 CV 683 LMB |
| ) | |
| JAMES PURKETT,[1] ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on the Petition of Yusaf Williams for a Writ of Habeas Corpus under 28 U.S.C. § 2254. This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by consent of the parties under 28 U.S.C. § 636(c).

**Procedural History**

Petitioner is presently incarcerated at the Farmington Correctional Center in Farmington, Missouri, pursuant to the judgment of the Circuit Court of the City of St. Louis, Missouri. See Respondent's Exhibit A at 59-64. Petitioner pled guilty to one count of Robbery in the First Degree, a Class A Felony; one count of Possession of a Controlled Substance, a Class C Felony; and one count of Armed Criminal Action, a Felony. See Resp't Ex. A at 59-64. Petitioner was sentenced to ten years on the robbery conviction, ten years on the armed criminal action

---

[1]Petitioner was transferred to the Farmington Correctional Center in Farmington, Missouri. As such, James Purkett, Superintendent of the Farmington Correctional Center, is the proper respondent. The named respondent, Michael Murphy, is the Superintendent of the Algoa Correctional Center.

conviction, and seven years on the possession conviction, all to run concurrently. See id.

On May 24, 2000, petitioner filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence of the Circuit Court of the City of St. Louis pursuant to Missouri Supreme Court Rule 24.035. See Resp't Ex. A at 3-12. After appointment of counsel, petitioner filed a First Amended Motion to Vacate, Set Aside or Correct Judgment and Sentence and Request for Evidentiary Hearing. See Resp't Ex. A at 17-23. In this motion, petitioner argued that he received ineffective assistance of counsel because he was not told by plea counsel that if he pled guilty he would be required to serve 85 percent of his sentence. See id. On September 14, 2000, the motion court denied petitioner's motion for postconviction relief in all respects without a hearing. See id. at 24-25. Petitioner timely filed a notice of appeal from the denial of postconviction relief. See id. at 26.

Petitioner raised one point on the appeal of the denial of his postconviction relief motion. See Resp't Ex. C at 6-7. Petitioner argued that the motion court clearly erred in denying, without a hearing, his postconviction relief motion because petitioner was denied effective assistance of counsel in that plea counsel failed to inform him that he would be required to serve 85 percent of his sentence. See id. In a memorandum opinion filed on May 9, 2001, the Missouri Court of Appeals for the Eastern District affirmed the denial of postconviction relief. See Resp't Ex. E. The Court of Appeals found that the motion court did not clearly err in denying petitioner's postconviction motion because counsel is not obligated to inform his or her client of all collateral consequences of a guilty plea, including the likelihood of parole within a certain date. See id.

Petitioner then filed a petition for a writ of habeas corpus, raising a single ground for relief. (Document Number 4). Petitioner argues that he received ineffective assistance of counsel because

plea counsel informed him that he would not have to serve 85 percent of his 10-year sentence and that he would be eligible for parole after serving two-thirds of that sentence. Respondent filed a response arguing that petitioner has procedurally defaulted his claim and that, even if plaintiff's claim were not barred, it fails on the merits as well. (Doc. No. 7).

## Discussion

**A.     Standard of Review**

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed § 2254(d) in Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if "the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." 529 U.S. at 413, 120 S.Ct. 1523. Under the "unreasonable application"

prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." Id. Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409, 120 S.Ct. 1521. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410, 120 S.Ct. 1522.

**B.     Procedural Default**

Respondent argues that petitioner's claim should be denied because petitioner has procedurally defaulted his claim by not presenting it to the appropriate state court. It is well-established that the procedural default rule requires a habeas petitioner to pursue all available avenues of relief in the state courts before the federal courts can consider the claim. See 28 U.S.C. § 2254(b); Duvall v. Purkett, 15 F.3d 745, 746 (8th Cir. 1994). In addressing this issue, a federal court must give deference to state courts and should place great importance on state procedural rules. See Buckley v. Lockhart, 892 F.2d 715, 718 (8th Cir. 1989). By virtue of these considerations, "[a] federal court can consider the merits of a habeas corpus petition only when the prisoner has 'fairly presented to the state courts the substance of his [or her] federal habeas corpus claim.'" Id. (quoting Martin v. Solem, 801 F.2d 324, 330 (8th Cir. 1986)(internal citations omitted). To avoid procedural default, "Missouri procedure requires that a claim be presented 'at each step of the judicial process.'" Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994)(quoting Benson v. State, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980)), cert. denied, 513 U.S. 983, 115 S. Ct. 462, 130 L.Ed.2d 370 (1994).

In cases of procedural default, federal courts are barred from reaching the merits of the defaulted ground absent a showing of both 'cause' and 'actual prejudice' resulting from the alleged constitutional violations. See Wainwright v. Sykes, 433 U.S. 72, 87, 97 S. Ct. 2497, 2506-2507. (1977). A petitioner must "show that some objective factor external to the defense impeded counsel [or petitioner's] efforts to comply with the State's procedural rule" in order to show "cause" for procedural default. Murray v. Carrier, 477 U.S. 478 488, 106 S. Ct. 2639, 2645 (1986). "Cause" can be demonstrated by either "a showing that the factual or legal basis for a claim was not reasonably available to counsel" or by a showing that interference by officials made compliance impracticable. Id. If a petitioner cannot demonstrate cause, then the court need not determine whether the petitioner has suffered actual prejudice. See Leggins v. Lockhart, 822 F.2d 764, 768 (8th Cir. 1987), cert. denied, 485 U.S. 907, 108 S. Ct. 1080, 99 L.Ed.2d 239 (1988).

In the present case, petitioner did not bring the claim alleged in his federal habeas corpus petition in his earlier postconviction relief motion or in his appeal from the denial of postconviction relief. In his motion for postconviction relief and in his appeal from the denial of postconviction relief, petitioner argued that he received ineffective assistance of counsel in that plea counsel failed to inform him that he would be required to serve 85 percent of his sentence. In the instant petition, however, petitioner contends that he received ineffective assistance of counsel in that plea counsel *informed* him that he would *not* have to serve 85 percent of his 10-year sentence *and* that he would be eligible for parole after serving two-thirds of that sentence. A claim has been fairly presented when a petitioner has properly raised the "same factual grounds and legal theories" in the state courts which he is attempting to raise in his federal habeas petition. Joubert v. Hopkins, 75 F.3d 1232, 1240 (8th Cir. 1996). See Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995); Keithley

v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.), cert denied, 515 U.S. 1163, 115 S.Ct. 2620, 132 L.Ed.2d 862 (1995). This standard applies to claims that trial counsel has been constitutionally ineffective. Flieger v. Delo, 16 F.3d 878, 884-85 (8th Cir. 1994).

Although plaintiff raises an ineffective assistance of counsel claim relating to his sentence in his habeas petition, this claim presents different factual allegations than the claim presented in both his postconviction relief motion and appeal from the denial of postconviction relief. As such, petitioner has defaulted this claim by failing "to present [it] to the Missouri courts at any stage of his direct appeal or his post-conviction proceedings." Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997).

Further, petitioner fails to allege "cause" for his procedural default. As such, this court need not address the "actual prejudice" prong of the inquiry. See Leggins, 822 F.2d at 768. A federal habeas court may also reach the merits of procedurally defaulted claims where the petitioner can demonstrate that a "miscarriage of justice" exception applies. This narrow exception is limited to extraordinary circumstances where actual innocence can be demonstrated. See Murray v. Carrier, 477 U.S. 478, 496, 106 S. Ct. 2639, 2649, 91 L.Ed.2d 397 (1986). The petitioner must show that a constitutional violation "probably resulted" in the conviction of an innocent person. See Schlup v. Delo, 513 U.S. 298, 326-29, 115 S. Ct. 851, 867-68, 130 L.Ed.2d 808 (1995). Petitioner does not claim in his petition that his procedural default should be excused under the miscarriage of justice exception, nor does the evidence show that petitioner could demonstrate actual innocence. Thus, petitioner has procedurally defaulted his claim.

C.  **Petitioner's Claim**

In his sole ground for relief, petitioner argues that he received ineffective assistance of

counsel in that plea counsel informed him that he would not have to serve 85 percent of his 10-year sentence and that he would be eligible for parole after serving two-thirds of that sentence. As discussed above, plaintiff has procedurally defaulted this claim. Even if petitioner's claim were not procedurally defaulted, or if petitioner alleged sufficient cause to excuse the default, his claim fails on the merits as well.

As a general rule, "a defendant's knowing and intelligent guilty plea forecloses independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Weisberg v. Minnesota, 29 F.3d 1271, 1279 (8th Cir. 1994). To be valid, a guilty plea must represent "a voluntary and intelligent choice among the alternative courses of action open to the defendant." Wilkins v. Bowersox, 145 F.3d 1006, 1015 (8th Cir. 1998) (quoting North Carolina v. Alford, 400 U.S. 25, 31, 91 S. Ct. 160, 164 (1970)). See also United States v. Dalman, 994 F.2d 537, 538 (8th Cir. 1993) (" '[T]he standard for a valid guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' ") (quoting Gregory v. Solem, 774 F.2d 309, 314 (8th Cir. 1985)). Because a defendant waives a number of constitutional rights upon a guilty plea, it must be made knowingly and voluntarily, and with an awareness of the circumstances and likely consequences of the plea. See George v. Black, 732 F.2d 108, 110 (8th Cir. 1984). An accused need only be informed of the direct consequences of his plea, not the indirect or collateral consequences. See id.

Petitioner's claim of ineffective assistance of trial counsel is evaluated under the Strickland v. Washington standard. To prevail on a Strickland claim, a petitioner must demonstrate (1) that the attorney failed to exercise the degree of skill and diligence a reasonably competent attorney would exercise under similar circumstances, and (2) that the attorney's action or inaction

prejudiced the petitioner. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). "Prejudice is shown if 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Harris v. Bowersox, 184 F.3d 744, 756 (8th Cir. 1999)(quoting Strickland, 466 U.S. at 694, 104 S. Ct. 2052).

In the instant case, petitioner's claim that he received ineffective assistance of counsel because plea counsel falsely advised him that he would not have to serve 85 percent of his sentence fails. At his guilty plea proceeding, the following exchange took place between the court and petitioner:

> THE COURT: Has anyone made any threats or promises to you in order to get you to plead guilty to any of these three charges?
>
> THE DEFENDANT: No, ma'am.
>
> THE COURT: Are you entering these pleas of guilty of your own free will? Are you entering the pleas of your own free will?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: No one is forcing you to do this, are they?
>
> THE DEFENDANT: No, ma'am.
>
> THE COURT: Okay. Do you understand the range of punishment on the possession of cocaine base charge is one day to seven years?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: And do you understand the range of punishment on the robbery first degree charge is ten to thirty years or life?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: And on the armed criminal action it's three years to life; do you understand

that?

THE DEFENDANT: Yes, ma'am.

See Resp't Ex. A at 47.

This exchange makes clear that in pleading guilty, petitioner understood the range of punishment for each offense. Petitioner points to no evidence that counsel told him that he would not have to serve 85 percent of his sentence or that he would be eligible for parole after serving two-thirds of his sentence. To the contrary, petitioner stated in the plea proceeding that no one made him any promises to cause him to plead guilty. As such, petitioner has not shown that plea counsel was ineffective.

Further, even if petitioner could show that plea counsel failed to exercise the requisite degree of skill and diligence, petitioner cannot demonstrate prejudice. Petitioner could have been sentenced to a term of life for the robbery and armed criminal action charges, and seven years for the possession of cocaine base charge. The State's recommendation was fourteen years on the robbery and armed criminal action charges, and seven years on the possession of cocaine base charge. See Resp't Ex. A at 52. The judge, however, did not follow the State's recommendation and instead sentenced petitioner to only ten years on the robbery and armed criminal action charges and seven years on the possession of cocaine base charge, to be served concurrently. The judge noted that she was imposing the minimum sentence allowable for the robbery charge. See Resp't Ex. A at 53. As such, petitioner cannot demonstrate prejudice from plea counsel's alleged ineffectiveness.

Accordingly, plaintiff's ground for relief is denied.

**D.     Certificate of Appealability**

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right.  See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999).  A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings.  See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997)(citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)); Tokar v. Bowersox, 1 F. Supp.2d 986, 1016 (E.D. Mo. 1998).  In this case, petitioner has failed to make a substantial showing of the denial of a constitutional right.  The undersigned is not persuaded that the issues raised in his petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, no certificate of appealability shall be issued.

**ORDER**

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254 be **denied** and be **dismissed with prejudice** by separate judgment entered this date.

**IT IS FURTHER ORDERED**, **ADJUDGED AND DECREED** that petitioner be denied a certificate of appealability if petitioner seeks to appeal this judgment of dismissal.

Dated this __12th__ day of September, 2005.

*Lewis M. Blanton*

LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE